Mark N. Mutterperl
Jessica S. Parise
Joshua C. Foster
Fulbright & Jaworski L.L.P.
666 Fifth Avenue, 31st Floor
New York, New York 10103
Telephone: (212) 318-3000
Fax: (212) 318-3400
mmutterperl@fulbright.com
jparise@fulbright.com
jfoster@fulbright.com

*Attorneys for Plaintiffs Borghese Trademarks Inc.,*
*Borghese Inc. and Borghese International Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

BORGHESE TRADEMARKS INC.,
BORGHESE INC. and
BORGHESE INTERNATIONAL LIMITED

    *Plaintiffs,*

       -against-

FRANCESCO BORGHESE, AMANDA
BORGHESE, SCIPIONE BORGHESE,
LORENZO BORGHESE,
KATIE BORGHESE, MULTIMEDIA
EXPOSURE, INC, GT PARTNERS
LIMITED, PERLIER, INC., EBPD, LLC,
ORLANE, INC. and HSN, INC.

    *Defendants.*

------------------------------------------------------x

Civil Action No. _____

COMPLAINT

      Plaintiffs Borghese Trademarks Inc., Borghese Inc. and Borghese International Limited

("Plaintiffs") for their complaint against defendants Francesco Borghese, Amanda Borghese,

Scipione Borghese, Lorenzo Borghese, Katie Borghese, Multimedia Exposure, Inc., GT Partners

Limited, Perlier, Inc., EBPD LLC., Orlane, Inc. and the HSN, Inc. ("HSN") (together, "Defendants"), allege as follows:

## THE PARTIES

1.        Borghese Trademarks Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

2.        Borghese Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.

3.        Borghese International Limited is, and at all relevant times has been, a corporation organized and existing under the laws of the British Virgin Islands.

4.        On information and belief, Francesco Borghese is an individual who resides in New Jersey.

5.        On information and belief, Amanda Borghese is an individual who resides in New Jersey.

6.        On information and belief, Scipione Borghese is an individual who resides in New Jersey.

7.        On information and belief, Katie Borghese is an individual who resides in New Jersey.

8.        On information and belief, Lorenzo Borghese is an individual who resides in New York, New York.

9.        On information and belief, Multimedia Exposure, Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New Jersey with its principal executive offices in Bernardsville, New Jersey.

- 2 -

10.     On information and belief, GT Partners Limited is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New Jersey with its principal office in Sayreville, New Jersey.

11.     On information and belief, Perlier, Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware with its principal office in Sayreville, New Jersey.

12.     On information and belief, EBPD LLC is, and at all relevant times has been, a corporation organized and existing under the laws of Italy with a place of business in the United States in Sayreville, New Jersey.

13.     On information and belief, Orlane, Inc. is, and at all relevant times has been, a corporation organized and existing under the laws of the State of New York with its principal office in Sayreville, New Jersey.

14.     On information and belief, HSN is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware with its principal office in St. Petersburg, Florida.

15.     On information and belief, defendant Francesco Borghese is, and at all relevant times has been, an owner, director, officer or member of Multimedia Exposure, Inc., GT Partners Limited, Perlier, Inc., EBPD, Inc. and Orlane, Inc.  Defendants Francesco Borghese, Multimedia Exposure, Inc., GT Partners Limited, Perlier, Inc., EBPD, Inc. and Orlane, Inc. are referred to herein as the "Bound Defendants."

16.     On information and belief, defendant Francesco Borghese exercises control, and at all relevant times has exercised control, over Multimedia Exposure, Inc., GT Partners Limited,

Perlier, Inc., EBPD, Inc. and Orlane, Inc. by and through his positions as owner, officer, director, member or otherwise.

JURISDICTION AND VENUE

17.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, and 15 U.S.C. § 1121, because it involves an action arising under the laws of the United States and claims sufficiently related thereto such that supplemental jurisdiction exists over them.

18.     This Court has personal jurisdiction over defendant Lorenzo Borghese because he is a citizen of the state of New York and resides in this judicial district.

19.     This Court also has personal jurisdiction over defendants Lorenzo Borghese, Francesco Borghese, Amanda Borghese, Scipione Borghese, Katie Borghese, Multimedia Exposure, Inc., GT Partners Limited, Perlier, Inc., EBPD, LLC and Orlane, Inc. because they are located within 100 miles of the courthouse.

20.     This Court also has personal jurisdiction over the Bound Defendants because a 1993 confidential settlement agreement among Princess Marcella Borghese and her sons, Livio Borghese and defendant Francesco Borghese on the one hand, and Halston Borghese International Limited, now Plaintiff Borghese International Limited ("BIL"), on the other (the "Settlement Agreement"), which Plaintiffs assert the Bound Defendants breached, states that all disputes arising out of it shall be brought before this Court and that the parties thereto submit to the exclusive jurisdiction of this Court. A Copy of the Settlement Agreement is attached hereto as Exhibit A.

21.     This Court also has personal jurisdiction over all defendants because all defendants transact business within the state of New York by marketing, promoting, advertising,

offering for sale and selling products identified herein throughout the United States, including the State of New York and this judicial district, including on interactive websites which are accessible in this judicial district.

22.     This Court also has personal jurisdiction over all defendants because the conduct and products complained of herein that all defendants market, promote, advertise, offer for sale and sell harm Borghese Inc., whose principal place of business is New York, New York, and its related affiliates.

23.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

24.     Venue is also proper in this district because the forum selection clause of the Settlement Agreement, which Plaintiffs assert the Bound Defendants breached, states that all disputes arising out of it shall be brought before this Court and that the parties thereto submit to the exclusive jurisdiction of this Court.

## STATEMENT OF THE CLAIM

25.     This case involves Defendants' use of Plaintiffs' trademarks in connection with Defendants' offer to sell, sale, advertising, marketing and promotion of allegedly high-end luxury bath, body and skin care products for humans and pets and home fragrances (the "Defendants' Products") including on various websites such as defendant HSN's website.

26.     Plaintiffs manufacture and distribute a renowned high-end luxury brand of products including cosmetics, skin, hair and nail care products, and other consumer goods, including eyewear and bedding sold under the distinctive BORGHESE name (the "BORGHESE Products").

27.     The BORGHESE Products have a rich history dating back to Princess Marcella Borghese and have been advertised, promoted, marketed, distributed and sold in the United States for over fifty years. Plaintiffs acquired the rights to BORGHESE, and all rights, title and interest in the name and image of Princess Borghese, including the Borghese family history, through a series of agreements, including the Settlement Agreement, which binds Francesco Borghese and the corporate defendants with the exception of HSN.

28.     Notwithstanding Plaintiffs' trademarks, the BORGHESE Products and the Settlement Agreement and the rights derived from it, on HSN's website where Defendants' Products are offered for sale, Defendants describe the history and development of their products by, in part, including references to Plaintiffs' trademarks including the BORGHESE name and crest logo and the history of the BORGHESE Products and Plaintiffs' business. Defendants are intentionally associating Defendants and Defendants' Products with the Plaintiffs and the BORGHESE Products without authorization or permission. This is an attempt to trade off the goodwill and reputation Plaintiffs and their predecessors developed over decades and after considerable expense.

29.     Additionally, defendant Francesco Borghese, through defendant Multimedia Exposure, Inc., applied to the United States Patent and Trademark Office (the "USPTO") to register as a trademark PRINCE LORENZO BORGHESE'S LA DOLCE VITA.  Francesco Borghese and Multimedia Exposure, Inc. filed this application notwithstanding their knowledge of Plaintiffs' rights derived in part from the Settlement Agreement to which Mr. Borghese is a party.

30.     Defendants' present unlawful conduct is not, however, an isolated event. Defendant Lorenzo Borghese has, on prior occasions, impermissibly used the BORGHESE name

in connection with his attempts to open a spa under the name "Borghese Spa" and exploit the
BORGHESE name in connection with an appearance on a popular reality television show.  In
each instance, Plaintiffs asserted their rights in the BORGHESE name before Mr. Borghese
relented.

      31.    This action seeks preliminary and permanent injunctive and monetary relief for
(a) trademark infringement in violation of the Trademark Act of 1946, 15 U.S.C. § 1114; (b)
trademark infringement, false designation of origin and unfair competition in violation of the
Trademark Act of 1946, 15 U.S.C. § 1125(a); (c) state trademark infringement and unfair
competition under the common law of the State of New York; (d) deceptive trade practices in
violation of New York General Business Law § 349; (e) breach of contract under New York
common law; (f) trademark dilution under New York General Business Law § 360-1; and (g)
unjust enrichment under the common law of the State of New York.  Plaintiffs also seek a
declaratory judgment that the application to register PRINCE LORENZO BORGHESE'S LA
DOLCE VITA with the USPTO breaches the terms of the Settlement Agreement.

FACTS

History Of Plaintiffs' BORGHESE Brand

      32.    The Borghese family's rich history has been publicized extensively in connection
with their legacy of political and religious prominence throughout the centuries.  The Borghese
family history is traced to at least the 13th Century, when the Borghese family began its rise to
nobility.  The Borghese family has boasted prominent figures such as Pope Paul V, Cardinal
Scipione Borghese, and numerous princes and princesses.  In the 15th century, the Holy Roman
Emperor granted the Borghese family permission to add an eagle to its family coat of arms.  The

- 7 -

eagle is featured prominently on the BORGHESE crest logo.  In the 19th century, Camillio Borghese married Pauline Bonaparte, sister of Napoleon Bonaparte.

33.    For generations, the Borghese family had their cosmetics specially made for them, mainly from fruits and other natural ingredients from Italy.

34.    Princess Marcella Borghese began the family legacy in the beauty industry.  In 1956, Princess Borghese partnered with Charles Revson, founder of Revlon Overseas Corporation, C.A. ("Revlon"), to create her own line of cosmetics from the secret recipe for cosmetics and skin creams she had commissioned.  Princess Borghese began selling her products under the BORGHESE name, beginning the long tradition of excellence associated with the BORGHESE Products.  This continued with Revlon, which acquired the brand and then, eventually, Plaintiffs who purchased the brand from Revlon.

35.    In part, Princess Borghese's rich family history described above (the "BORGHESE History") gives allure and cache to the BORGHESE Brand, as defined below. Plaintiffs have used and continue to use the BORGHESE History in connection with the sale of BORGHESE Products.   For example, on Plaintiffs website, www.borghesenailcare.com, Plaintiffs provide a link called "The Borghese Heritage" which traces the BORGHESE History. A printout of "The Borghese Heritage" found on Plaintiffs website www.borghesenailcare.com is attached hereto as Exhibit B.

<u>Plaintiffs' Ownership Of The BORGHESE Brand</u>

36.    Plaintiffs own common law rights, one federal trademark registration and one federal trademark application, which has been allowed, in and to the Borghese logo, which consists of a highly stylized crest:



(the "BORGHESE Crest").  Plaintiffs also own several federal trademark registrations and applications to identify, among other things, the BORGHESE Products, including PRINCESS MARCELLA BORGHESE and BORGHESE.  These trademarks include:

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| BORGHESE | 3,810,009 | October 1, 1992 | June 29, 2010 | Consultation services in the field of makeup and skin care, namely in-person makeup consultation and application services; facial treatment services; cosmetic makeovers. |
| BORGHESE | 3,703,691 | October, 1992 | October 27, 2009 | Skin care products, among things, body and beauty care cosmetics, shampoo, creams, skin cleansers and soaps |
| BORGHESE | 3,506,702 | May 3, 1996 | September 23, 2008 | Retail mail order services and retail store services in the field of cosmetics and skin care. |
| BORGHESE | 3,387,006 | October, 1992 | February 19, 2008 | Cosmetics and cleansers, including skin care products, |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | creams and lotions. |
| BORGHESE | 1,134,398 | April 30, 1958 | May 6, 1980 | Perfume, cologne, after shave lotion, dusting powder, skin cream and lotion, facial make-up, eye shadow, suntan oil, nail enamel, lipstick, hair shampoo and conditioner. |
| PRINCESS MARCELLA BORGHESE | 3,369,371 | May 30, 1958 | January 15, 2008 | Skin care products, among other things face and body creams and lotions, hair cleaning preparations, cosmetics, shower and bath foam, skin cleansers and moisturizers. |
| BORGHESE | 78/916,993 | | June 26, 2006 | Cosmetics and cleansers, including skin care products, creams and lotions, candles, candle extinguishers, stationary cases, bags and carrying cases, sponges and bath gloves. |
| BORGHESE | 77/812,789 | | August 26, 2009 | Eyeglass cases, eyeglass chains, eyeglass frames, eyeglass lenses, eyeglasses, spectacle cases, spectacle frames, |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | spectacle glasses, spectacle lenses, sunglass chains and cords, sunglass lenses, sunglasses and spectacles. |
| BORGHESE | 77/251,612 | | August 9, 2007 | Sinks, whirlpools, shower and shower accessories, facial saunas, fans, chandeliers, spa surrounds, spas in the nature of heated pools, whirlpools, wine coolers. |
| VILLA DI BORGHESE | 77/237,319 | | July 24, 2007 | Cosmetics and cleansers, cosmetic preparations, creams, lotions, shampoo, soap, moisturizers, sponges, bath accessories, bath gloves, bath towels, candles, all-purpose carrying bags. |
| VILLA DI BORGHESE | 77/251,622 | | August 9, 2007 | Sink pedestals, sinks, whirlpool baths, bath tubs, toilet seats, faucets, hand held shower heads, hand showers, hand-held showers, shower doors, shower enclosures, shower heads, shower surrounds, shower tubs, showers, |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | bathtub enclosures, bathtubs, spa surrounds, spas in the nature of heated pools. |
| VILLA BORGHESE | 77/975,634 | | July 22, 2008 | Candles, stationary cases, all-purpose carrying bags, toiletry cases, beachwear, loungewear, nightwear, sleepwear, shoes, undergarments. |
| VILLA BORGHESE | 77/226,846 | | July 11, 2007 | Cosmetics and cleansers, facial and skin cleansers, perfume, dusting powder, skin cream and lotion, facial make-up and blusher, eye shadow, suntan oil and sun screen preparations and skin care products, stationary products, bath products. |
| VILLA BORGHESE | 77/251,625 | | August 9, 2007 | Sink pedestals, sinks, whirlpool baths, bath tubs, toilet seats, faucets, hand held shower heads, hand showers, hand-held showers, shower doors, shower enclosures, shower heads, shower |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | surrounds, shower tubs, showers, bathtub enclosures, bathtubs, spa surrounds, spas in the nature of heated pools. |
| VILLA BORGHESE | 77/672,123 | | February 17, 2009 | Bath gloves, bath linen, bath mitts, bath sheets, bath towels, bed blankets, bed canopies, bed covers, bed linen, bed pads, bed sheets, bed skirts, bed spreads, blanket throws, comforters, coverlets, curtains, dust ruffles, duvet covers, duvets, feather beds, handkerchiefs, household linen, kitchen linens, kitchen towels, mattress covers, mattress pads, pillow cases, pillow covers, pillow shams, pillowcases, quilts, shams, shower curtains, table linen, throws, toilet tank covers made of fabric or fabric substitutes, towels, washcloths, washing gloves, |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | washing mitts |
| BORGHESE GARDENS | 77/252,203 | | August 10, 2007 | Cosmetics and cleansers, facial and skin cleansers, perfume, dusting powder, skin cream and lotion, facial make-up and blusher, eye shadow, suntan oil and sun screen preparations and skin care products, stationary products, bath products. |
| BORGHESE GARDENS | 77/251,633 | | August 9, 2007 | Sink pedestals, sinks, whirlpool baths, bath tubs, toilet seats, faucets, hand held shower heads, hand showers, hand-held showers, shower doors, shower enclosures, shower heads, shower surrounds, shower tubs, showers, bathtub enclosures, bathtubs, spa surrounds, spas in the nature of heated pools. |
| SPA DI BORGHESE | 77/364,381 | | January 4, 2008 | Cosmetics and cleansers, facial and skin cleansers, perfume, dusting powder, skin cream and lotion, facial |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | make-up and blusher, eye shadow, suntan oil and sun screen preparations and skin care products, stationary products, bath products. |
| TE VERDE DI BORGHESE | 77/687,035 | | March 10, 2009 | Skin care preparations including anti-wrinkle creams, body lotions, cosmetic creams, eye makeup, lotions for cosmetic purposes, skin creams, skin moisturizers, skin soaps. |
|  | 77/782,741 | | November 24, 2009 (notice of allowance issued February 16, 2010) | Eye glasses; sun glasses; bath products, namely, sponges; bath linens, bath sheets, bath towels, mattress covers, mattress pads, bath slippers, nightwear, robes. |
|  | 3,746,796 | April 30, 1958 | November 24, 2009 | Anti-wrinkle creams; blush; body lotions; cosmetic goods; hair shampoos; skin cleansers; skin creams. Computerized on- |

| MARK | REGISTRATION or SERIAL NUMBER | FIRST USE DATE | REGISTRATION or APPLICATION DATE | ABBREVIATED IDENTIFICATION OF GOODS OR SERVICES |
|---|---|---|---|---|
| | | | | line retail store services in the field of cosmetics (first use date - May 3, 1999). |

(the "BORGHESE Marks") (together, the BORGHESE Crest, BORGHESE Marks and BORGHESE History, the "BORGHESE Brand").

37.    The Plaintiffs acquired the BORGHESE Brand in 1992 as the result of agreements among Princess Borghese, Revlon and Halston Borghese International Limited, now plaintiff BIL.

38.    Princess Borghese controlled the BORGHESE Brand until 1976 when she assigned to Revlon (together with Princess Borghese, the "Predecessors in Interest") all of her right, title and interest in and to "the words and phrases BORGHESE, MARCELLA BORGHESE, PRINCESS MARCELLA BORGHESE, and all counterparts, renewals, substitutions, simulations and variations thereof, whether used as a personal name, trade name or trademark" and any registrations and applications for the same, along with the associated goodwill" (the "1976 Agreement").  A copy of the 1976 Agreement is attached hereto as Exhibit C.

39.    The 1976 Agreement also provided for an exclusive license to Revlon of Princess Borghese's family history and the family crest. *Id.* at ¶ 6.

40.    Subsequently, Princess Borghese entered into another agreement with Revlon dated August 21, 1990, which incorporated the terms of the 1976 Agreement, and pursuant to

which Princess Borghese acknowledged that Revlon was the sole owner of the trademarks "BORGHESE," "MARCELLA BORGHESE," and "PRINCESS MARCELLA BORGHESE" as they applied to "men's and women's fragrances, cosmetics, beauty treatment products, skin and hair care products, sun tan preparations, nail care products, and jewelry, clothing and clothing accessories sold in conjunction with and to promote such products" (the "1990 Agreement"). A copy of the 1990 Agreement is attached hereto as Exhibit D. (*See* Ex. D, at preamble).

41.     On January 17, 1992, Revlon assigned the 1976 Agreement and the 1990 Agreement to Halston Borghese International Limited, now plaintiff BIL.

42.     There were disagreements between Princess Borghese and BIL which, ultimately, resulted in the Settlement Agreement between Princess Borghese and her sons, Livio Borghese and Francesco Borghese, on the one hand, and BIL, including its subsidiaries, affiliates and related companies, on the other hand.

43.     Pursuant to the Settlement Agreement, Princess Borghese acknowledged and expressly approved assignment of the 1976 Agreement and the 1990 Agreement and the transfer of intellectual property rights identified in those agreements from Revlon to BIL, including but not limited to the "Intellectual Property" defined as:

> [A]ll trademarks, trade names, trade dress and subsidiary rights relating to the identity of the Princess [defined in the agreement, and herein, to include Princess Borghese, Livio and Francesco Borghese and any corporate or other legal entity under their respective control], including but not limited to the BORGHESE, MARCELLA BORGHESE and PRINCESS MARCELLA BORGHESE names and logos, and any counterparts, renewals, substitutions, simulations and variations thereof.

(*See* Ex. A at §§ I(E), I(H), I(K)).[1]

---

[1] The Settlement Agreement defines the term "Princess" as "Princess Marcella Borghese and her Eligible Descendants [Livio Borghese and Francesco Borghese] and any corporate or other legal entities under their respective control." (*See id.* §§ I(K) & I(E)).

44.     Specifically, the Agreement provided:

The Princess [as defined] acknowledges and confirms that [BIL] is
the sole and absolute owner in perpetuity, in the United States and
throughout the world, of the entire right, title and interest in and to
the Intellectual Property, including the registrations and
applications thereof, as applied to men's and women's fragrances,
cosmetics, beauty treatment products, skin and hair care products,
sun tan preparations, nail care products, and jewelry, clothing and
clothing accessories sold in conjunction with and to promote such
products.

(*See id.* at § II(A)).

45.     The Princess also assigned, transferred and conveyed to BIL all right, title and
interest in and to the Intellectual Property to identify all consumer goods not specifically
assigned to BIL in the 1976 Agreement or 1990 Agreement and the right to use the Intellectual
Property to identify all services related to any consumer products.  (*See id.* at § I(B)).

46.     Under the terms of the Settlement Agreement, Princess Borghese and her sons
received and are to receive royalty payments in connection with the sale of cosmetic products
until one year following Princess Borghese's death (in 2002), and thereafter for the remainder of
Francesco Borghese and Lorenzo Borghese's lives in connection with the sale of non-cosmetic
products.  (*See id.* § III(B)).

47.     The Settlement Agreement provides that the Princess, as defined, has no right to
own, use or license any of the Intellectual Property, except to the extent that ownership would
not be inconsistent with Plaintiffs' rights as set forth in the Settlement Agreement.  (*See id.* §
II(D)).

48.     The Settlement Agreement states that it is binding on Princess Borghese, Livio
Borghese and Francesco Borghese, their heirs, successors, assigns and designees and any
corporate or other legal entities under their control.  Here, such entities are, upon information and

belief, defendants Multimedia Exposure, Inc., GT Partners Limited, Perlier, Inc., EBPD, LLC

and Orlane, Inc.  (*See id.* §§ I(E), I(K) & I (V)).

      49.    Among the obligations of the Settlement Agreement are:

- The Princess, as defined, "shall do whatever [Plaintiffs] request[] to obtain and protect [Plaintiffs'] Intellectual Property and [Plaintiffs'] right, title and interest therein." (*See id.* § IV(A)).

- The Princess, as defined, "will, at [Plaintiffs'] request and expense, assist in the enforcement of the Intellectual Property against infringing use by others as may be deemed reasonably necessary." *Id.*

- The Princess, as defined, "shall promptly inform [Plaintiff] of any suspected infringement of which the Princess has actual knowledge." *Id.*

- Livio Borghese and Francesco Borghese shall "refrain from taking any actions which are inconsistent with such representations, warranties and covenants [in the Settlement Agreement]." (*Id.* § V).

- The Princess, as defined, "assigned, transferred and conveyed all the right, title and interest of the Princess in and to the BORGHESE name as applied to any and all consumer products." (*Id.* § IV(H)).

- The Princess, as defined, "shall hereafter . . . refrain from using, licensing and/or authorizing another person or entity to use all or any of the Intellectual Property in the sale, offer for sale, advertising or promotion of any consumer products or services related thereto." (*Id.* § IV(K)(1)).

      50.    Princess Borghese, Livio Borghese and Francesco Borghese acknowledged receipt of full and fair compensation for the rights granted to Plaintiffs under the Settlement Agreement. (*Id.* § VI).

<u>Plaintiffs' BORGHESE Brand Today</u>

51.    The BORGHESE Brand represents Italian beauty and the lush natural ingredients found in the mineral-rich hills of the Tuscan landscape.  It has more than fifty (50) years of prominence in the beauty industry.

52.    The BORGHESE Products are leading products in the beauty industry.

53.    Since its introduction, Plaintiffs and their Predecessors in Interest have used the BORGHESE Crest, BORGHESE Marks and BORGHESE History to distinguish their products from the products of others.

54.    The BORGHESE Marks and BORGHESE Crest are inherently distinctive.

55.    The BORGHESE Brand is recognized by consumers in the United States and elsewhere.  The BORGHESE Products are available throughout the world including Europe, North America and Asia.

56.    BORGHESE skin and nail care products are sold at cosmetic boutiques and shop-in-shop counters in department stores throughout the United States, including Bloomingdale's and Lord & Taylor.  They are also available nationwide at Costco stores under the "Kirkland Signature, by Borghese" brand, at cosmetic boutiques and at more than 17,000 pharmacies nationwide including CVS, Walgreens, Rite Aid, and Duane Reade.

57.    From 2005 to 2008, BORGHESE Products were available for sale on SHOPNBC, a home shopping television network.

58.    BORGHESE Products may be purchased online at several sites, including www.amazon.com and Plaintiffs' website www.borghese.com.

59.    Plaintiffs have expanded the BORGHESE Brand beyond cosmetics and skin and nail care products.  BORGHESE eyewear products are available throughout the United States,

with distribution in more than 5,000 stores nationwide.  BORGHESE bedding products are available at more than 25 Boomingdale's department stores.

60.   Plaintiffs' expansion into bedding and eyewear is the start of their expansion into a range of consumer lifestyle products that leverage the BORGHESE Brand.

61.   Plaintiffs and their Predecessors in Interest have invested considerable effort and enormous resources advertising, marketing and promoting the BORGHESE Brand.  In the last five years alone, Plaintiffs have spent more than $31 million worldwide on such efforts, of which almost $23 million was spent exclusively in the United States.

62.   Plaintiffs and their Predecessors in Interest have advertised, marketed and promoted the BORGHESE Brand nationally.  For example, Plaintiffs advertise in major national newspapers and magazines including The New York Times, The Newark Star-Ledger, Vogue, Vanity Fair, The New York Times Magazine, W Magazine and InStyle.  Plaintiffs also advertise in various beauty and spa periodicals, including Spa Finder, Spa Magazine, New York Look, New Beauty, More Magazine and Self.

63.   The BORGHESE Brand is also advertised in nontraditional ways including, during Thanksgiving week of 2007, on the CBS Jumbotron in Times Square in two, thirty-second advertisements per hour, for seven consecutive days.

64.   Plaintiffs also spend significant resources promoting the BORGHESE Brand through events, including celebrity and charity events.

65.   In the last five years alone, sales of BORGHESE Products in the United States have been approximately $212 million.

66.     Plaintiffs have developed an excellent reputation among consumers and in the industry.  In fact, the BORGHESE Products have such a following that there are more than 63,000 consumers registered on plaintiff's website Borghese.com.

67.     The BORGHESE Brand is known by the purchasing public throughout the United States as being of the highest quality and a trusted brand.

68.     A 2001 consumer awareness survey of "highly recognizable names in fashion" conducted by Women's Wear Daily, ranked the BORGHESE Brand 60th out of 100 luxury brands, ahead of notable brands such as David Yurman, Burberry, Ray-Ban and Kenneth Cole.

69.     The same survey found that, out of the 39 luxury beauty and fragrance brands that made the list of the top 100 luxury brands, consumers ranked the BORGHESE Brand 9th in terms of luxury, ahead of brands such as Elizabeth Arden, Ralph Lauren, MAC and Shiseido.

70.     As a result, the BORGHESE Marks are strong trademarks and have become a distinctive symbol that the public recognizes and uniquely associates with Plaintiffs.

71.     The BORGHESE Brand and the goodwill associated with it are of inestimable value to Plaintiffs.

### Plaintiffs' History Of Conflict With Defendants

72.     Princess Borghese and defendant Francesco Borghese acknowledged in the Settlement Agreement that Plaintiffs are the "sole and absolute owner in perpetuity, in the United States and throughout the world, of the entire right, title and interest" in and to "all trademarks, trade names, trade dress and subsidiary rights relating to the identity of the Princess, including but not limited to the BORGHESE, MARCELLA BORGHESE and PRINCESS MARCELLA BORGHESE names and logos, and any counterparts, renewals, substitutions, simulations and

variations thereof" and the validity of Plaintiffs' exclusive license to the BORGHESE History. (*See* Ex. A § I(E), I(H) and I(K)).

73.    In 2002, Lorenzo Borghese, defendants' Francesco and Amanda Borghese's son, advised Plaintiffs that he intended to open a spa under the name "Borghese Spa." Mr. Borghese contacted Plaintiffs to discuss the sale of BORGHESE Products in his Borghese Spa.    In response, Plaintiffs demanded that Mr. Borghese "cease and desist from any use of the BORGHESE name or mark" and reminded Mr. Borghese that Plaintiffs are the owner of the "mark and name BORGHESE." Mr. Borghese complied with Plaintiffs' request, tacitly acknowledging Plaintiffs' rights in and to the "mark and name BORGHESE."

74.    In April 2006, Lorenzo Borghese sought again to associate himself with the BORGHESE Brand in connection with an ABC reality television show, "The Bachelor." Plaintiffs again contacted Mr. Borghese and urged that he "not take any actions in connection with [his] appearance in or promotion of 'The Bachelor' that would dilute [Plaintiffs'] marks and related goodwill in any way, including but not limited to causing any false impression in the marketplace that there is a connection or relationship between yourself and Borghese Inc. and our cosmetic products." Mr. Borghese stopped his planned conduct.

<u>Defendants' Current Unlawful Conduct</u>

75.    In September 2009, Plaintiffs learned that Defendants were using without authorization the BORGHESE Marks, Crest and History in connection with the advertising, marketing, promotion, offer to sell and sale of Defendants' Products.

76.    Defendants claim to manufacture, advertise, market, promote, offer to sell or sell (i) a variety of allegedly high-end, luxury bath, skin and body products under the name "Italian Bath & Body," (ii) a variety of allegedly high-end pet skin care products under the name "Royal

Treatment" and (iii) a variety of allegedly high-end home fragrance products under the name "Casa di Francesca."

77.    Defendants' Products are available for sale, among other places, on defendant HSN's website www.hsn.com and through its television channel.    Consumers may access information regarding the Defendants' Products directly from the HSN website.

78.    At least Defendants Francesco Borghese, Amanda Borghese, Lorenzo Borghese, Scipione Borghese, another of defendants' Francesco and Amanda Borghese's sons, Multimedia Exposure, Inc. and HSN (together, the "Royal Treatment Defendants") manufacture, advertise, market, promote, offer to sell or sell the Royal Treatment pet skin care products.

79.    In connection with the sale of Royal Treatment products on HSN, defendant HSN prominently features a link entitled "The Story Behind Royal Treatment" on the main banner appearing on HSN's webpage offering the Royal Treatment products.

80.    Previously, "The Story Behind Royal Treatment" included several paragraphs that associated or affiliated the Defendants and Royal Treatment on the one hand and Plaintiffs, the BORGHESE Brand and BORGHESE Products on the other:

> *His grandmother, Princess Marcella, founded the Borghese Cosmetics line.* Like her, Lorenzo creates his products from the finest natural ingredients and fragrances found in Italy.
>
>                              * * * *
>
> HSN shoppers familiar with the luxurious Italian Bath & Body line (for people) *know to trust the Borghese name when it comes to quality.* And let's face it - our pets are people too, and deserve the *royal treatment*!

(*See* Ex. E, emphasis added).

81.    Once Plaintiffs discovered the infringing use, Plaintiffs complained to Defendants via an extensive letter-writing campaign.    Today, Defendants have modified "The Story Behind

Royal Treatment," but it still contains several paragraphs that associate or affiliate the Defendants and Royal Treatment on the one hand with Plaintiffs, the BORGHESE Brand and BORGHESE Products on the other:

> *Lorenzo is a descendant of the noble Borghese family of Italy* and comes from a long line of dukes, generals, scholars, artistic patrons and even one pope.
>
> * * * *
>
> HSN shoppers familiar with the luxurious Italian Bath & Body line (for people) *know to trust the Borghese name when it comes to quality*. And let's face it - our pets are people too, and deserve the *royal treatment*!

(*See* Ex. F, emphasis added).

82.   Additionally, the Royal Treatment website, www.getroyaltreatment.com, contains links to news and magazine articles featuring Royal Treatment products which reference the BORGHESE Marks and BORGHESE History.

83.   The Royal Treatment Defendants did not seek or obtain permission to use the BORGHESE Marks or BORGHESE History in connection with the advertisement or sale of the Royal Treatment, despite knowledge of Plaintiffs' rights in and to the BORGHESE Marks and History.

84.   At least Defendants Francesco Borghese, Amanda Borghese, Scipioni Borghese, Lorenzo Borghese, Multimedia Exposure, Inc., Perlier, Inc., Ebpd, LLC, Orlane, Inc. and HSN (together, the "Italian Bath & Body Defendants") manufacture, advertise, market, promote, offer to sell or sell the Italian Bath & Body skin care products.

85.   The Italian Bath & Body Defendants previously offered a line of products under the Italian Bath & Body name.  Today, The Italian Bath & Body Defendants offer the same products under the name "Italian Beauty."

86.     The Italian Bath & Body Defendants' website previously included a page entitled "The Royal Borghese Family History."

87.     "The Royal Borghese Family History" associated or affiliated the Italian Bath & Body Defendants and Italian Bath & Body products on the one hand and Plaintiffs, the BORGHESE Brand and BORGHESE Products on the other:

> *It was Princess Marcella Borghese who began the family beauty legacy.*  After marrying Prince Paolo Borghese in 1937, she began having her cosmetics specially made, mostly from all natural ingredients.  When her children reached adulthood and she had more time, *she turned it into a business, thus beginning the Borghese beauty legacy.*
>
> ＊ ＊ ＊
>
> Today, HSN *shoppers know the Borghese family from their high-end bath and body products . . . .*  Princess Amanda Borghese and her son Prince Scipione draw upon their family's long history in the beauty industry with their Italian Bath and Body lines Perlier and Elariia.

(*See* Ex. G, emphasis added).

88.     Once Plaintiffs discovered the infringing use, Plaintiffs complained to the Italian Bath & Body Defendants via an extensive letter-writing campaign.

89.     After Plaintiffs complained, The Italian Bath & Body Defendants' changed their website from "The Royal Borghese Family History" to "The Story Behind Italian Beauty."

90.     "The Story Behind Italian Beauty" continues to associate or affiliate the Italian Bath & Body Defendants and the Italian Beauty products on the one hand and Plaintiffs, the BORGHESE Brand and Borghese Products on the other:

> *The royal Borghese family name* can be traced to the 1100s in Siena, Italy, where over time, the family gained wealth and influence, becoming one of Italy's most prominent families.
>
> ＊ ＊ ＊ ＊

Prince Scipione "Skip" Borghese was born in Rome, Italy in 1967. At age 6, the [sic] moved to Paris, where they lived until moving to the United States in 1978. In 1989, *Skip joined the family business, making him the third generation of Borgheses in the beauty industry.*

\* \* \* \*

Skip's little brother, Prince Lorenzo Borghese, has also made a foray into the bath & body world, with a unique twist. Inspired by his beloved dog Belle, Lorenzo developed <u>Royal Treatment</u> Pet Spa products. *Following family tradition, Lorenzo's line is filled with natural, gentle, luxurious ingredients.*

(*See* Ex. H, emphasis added).

91.     The Italian Bath & Body Defendants' website also prominently advertises the Italian Beauty products as products "*brought to [consumers] by the royal Borghese family*." (*See* Ex. I, emphasis added).

92.     Despite knowledge of Plaintiffs' rights in and to the BORGHESE Marks and BORGHESE History, the Italian Bath & Body Defendants did not seek or obtain permission to use the BORGHESE Marks or BORGHESE History in connection with the advertisement or sale of the Italian Bath & Body products.

93.     At least Defendants Francesco Borghese, Katie Borghese, Multimedia Exposure, Inc. and HSN (together, the "Casa di Francesca Defendants") manufacture, advertise, market, promote, offer to sell or sell the Casa di Francesca home fragrance products.

94.     The Casa di Francesca Defendants' offer Casa di Francesca products for sale on the website www.casadifrancesca.com, which includes a page entitled "Our History."

95.     The "Our History" page associates or affiliates the Casa di Francesca Defendants and Casa di Francesca products on the one hand and Plaintiffs, the BORGHESE History and BORGHESE Products on the other:

> *The Borghese family* - a lineage of ancient Italian noblemen including in its ancestry a pope, several cardinals, patrons of the arts, philanthropists, and a family link to Napoleon - *proudly presents Casa di Francesca. With the Borghese name and coat of arms* inscribed on the facade of the world famous Saint Peter's Cathedral, *the Borghese family continues their attention to beauty and well-being*, while reflecting their passion for Italian culture, art, and traditions.

(*See* Ex. J) (emphasis added).

96.     In connection with both their pet products and home fragrance collection, the Royal Treatment Defendants and Casa di Francesca Defendants use crest logos similar to the highly stylized BORGHESE Crest:

                    

**BORGHESE CREST**              **PET PRODUCTS**          **HOME FRAGRANCE**

97.     On her website, www.casadifrancesca.com, Defendant Katie Borghese also links to an online beauty magazine featuring an interview with Ms. Borghese in which she noted the similarity between the Borghese family crest and the Casa di Francesca logo:

> The logo was created by a master calligrapher in Italy and the Casa di Francesca crest is inspired by a design made for the Borghese family in the early 1600's.

(*See* Ex. K).

98.     Despite knowledge of Plaintiffs' rights in and to the BORGHESE Marks, BORGHESE History and BORGHESE Crest, Defendants' did not seek or obtain permission to

use the BORGHESE Marks, BORGHESE History and BORGHESE Crest in connection with the advertisement or sale of the Defendants' Products.

### Defendant Multimedia Exposure, Inc.'s Wrongful Trademark Application

99.   On March 30, 2008, defendant Multimedia Exposure, Inc. filed an application with the USPTO to register PRINCE LORENZO BORGHESE'S LA DOLCE VITA.

100.   On March 3, 2009, the USPTO published the mark for opposition.  On April 8, 2009, Plaintiffs opposed the application, asserting that PRINCE LORENZO BORGHESE'S LA DOLCE VITA is confusingly similar to the BORGHESE Marks.  The opposition proceeding is pending before the Trademark Trial and Appeal Board.

101.   Defendants were aware of Plaintiffs' rights to the BORGHESE Marks at the time defendant Multimedia Exposure, Inc. filed its application.

### Effect of Defendants' Activities On Plaintiffs And The Consuming Public

102.   Defendants' unauthorized use of the BORGHESE Brand in the manner described above is likely to cause confusion or mistake or deceive Plaintiffs' customers and potential customers and other relevant members of the public, at least as to an affiliation, connection, or association between Plaintiffs and Defendants, or as to the origin, source, sponsorship, or approval by Plaintiffs of Defendants' Products.

103.   Defendants' unauthorized use of the BORGHESE Brand falsely indicates to the purchasing public that Defendants' Products originate with Plaintiffs, or are affiliated, connected, associated, sponsored, endorsed, or approved by Plaintiffs, or are in some manner related to Plaintiffs or the BORGHESE Products.

104.    Defendants' unauthorized use of the BORGHESE Brand falsely designates the origin of Defendants' Products and falsely and misleadingly describes and represents facts with respect to Defendants and Defendants' Products.

105.    Defendants' unauthorized use of the BORGHESE Brand enables Defendants to trade on and to receive the benefit of the goodwill in the BORGHESE Brand, which Plaintiffs and their Predecessors in Interest have developed over many years.  Defendants' unauthorized use also enables them to gain acceptance for their own goods, not solely on their merits, but on the reputation and goodwill of Plaintiffs and the BORGHESE Brand.

106.    Defendants' unauthorized use of the BORGHESE Brand unjustly enriches Defendants at Plaintiffs' expense.

107.    Defendants' unauthorized use of the BORGHESE Brand deprives Plaintiffs of the ability to control the nature and quality of goods provided under the BORGHESE Brand and places the valuable reputation and goodwill of Plaintiffs in the hands of Defendants, over which Plaintiffs have no control.

108.    Defendants' unauthorized use of the BORGHESE Brand deprives Plaintiffs of the benefit of the bargain struck in the Settlement Agreement, and the duties Francesco Borghese, Multimedia Exposure, Inc., GT Partners Limited, Perlier, Inc., EBPD, LLC, and Orlane, Inc. owe Plaintiffs under the Settlement Agreement.

109.    Plaintiffs have been and continue to be damaged by Defendants' activities and conduct.  Defendants have profited thereby and, unless enjoined, Plaintiffs' business, goodwill and reputation will continue to suffer irreparable injury, which cannot be adequately calculated or compensated solely by money damages.

110.    Defendants' acts complained of herein were done willfully with knowledge of Plaintiffs' rights.

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement

111.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

112.    Defendants' acts complained of herein constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION
### Federal Trademark Infringement and Unfair Competition

113.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

114.    Defendants' acts complained of herein constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## THIRD CAUSE OF ACTION
### Federal False Designation of Origin

115.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

116.    Defendants' acts complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## FOURTH CAUSE OF ACTION
### New York Deceptive Trade Practices

117.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

118.    Defendants' acts complained of herein constitute deceptive trade practices in violation of New York General Business Law § 349.

## FIFTH CAUSE OF ACTION
### Common Law Trademark Infringement and Unfair Competition

119.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

120.    Defendants' acts complained of herein constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

## SIXTH CAUSE OF ACTION
### State Trademark Dilution

121.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

122.    Defendants' acts complained of herein constitute trademark dilution in violation of New York General Business Law § 360-1.

## SEVENTH CAUSE OF ACTION
### Breach of Contract Against Francesco Borghese, Multimedia Exposure, Inc., GT Partners Limited, Perlier, Inc., EBPD, LLC, and Orlane, Inc.

123.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

124.    The Settlement Agreement requires Bound Defendants to refrain from using, licensing or authorizing another person or entity to use all or any of the Intellectual Property identified therein in the sale, offer for sale, advertising or promotion of any consumer product or service related thereto.

125.    The Bound Defendants have breached the Settlement Agreement at least by using the BORGHESE Marks, BORGHESE Crest and BORGHESE History in connection with the advertising, marketing promotion and offering for sale the Defendants' Products.

126.    Plaintiffs have been damaged by such breach of contract in an amount to be determined at trial.

### EIGHTH CAUSE OF ACTION
Breach of Contract Against Francesco Borghese, Multimedia Exposure, Inc.,
GT Partners Limited, Perlier, Inc., EBPD, LLC, and Orlane, Inc.

127.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

128.    The Settlement Agreement requires the Bound Defendants to protect Plaintiffs' Intellectual Property as defined therein and Plaintiffs' rights, title and interest therein, assist in the enforcement of the Intellectual Property against infringing uses by others, and promptly inform Plaintiffs of any suspected infringements of which Francesco Borghese has actual knowledge.

129.    The Bound Defendants breached the Settlement Agreement at least by failing to protect Plaintiffs' Intellectual Property and inform Plaintiffs of their use of the BORGHESE Brand in connection with the advertising, marketing, promoting and offering for sale the Defendants' Products.

130.    Plaintiffs have been damaged by such breach of contract in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
Breach of Contract Against Francesco Borghese and Multimedia Exposure, Inc.

131.    Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

132.   The Settlement Agreement requires the Bound Defendants to refrain from taking any actions inconsistent with the representations, warranties and covenants of the Settlement Agreement.

133.   Defendants Francesco Borghese and Multimedia Exposure, Inc. have breached the Settlement Agreement, in addition to the other ways discussed herein, at least by filing an application with the USPTO to register PRINCE LORENZO BORGHESE'S LA DOLCE VITA.

134.   Plaintiffs have been damaged by such breach of contract in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
### Unjust Enrichment

135.   Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

136.   Defendants' acts complained of herein constitute unjust enrichment of Defendants at Plaintiffs' expense in violation of the common law of the State of New York.

## ELEVENTH CAUSE OF ACTION
### Declaratory Judgment (Against Francesco Borghese and Multimedia Exposure, Inc.)

137.   Plaintiffs repeat and reallege each and every paragraph set forth above as if fully set forth herein.

138.   The Settlement Agreement requires the Bound Defendants to refrain from taking any actions inconsistent with the representations, warranties and covenants of the Settlement Agreement.

139.   Defendants Francesco Borghese and Multimedia Exposure, Inc. have breached the Settlement Agreement at least by filing an application with the USPTO to register PRINCE LORENZO BORGHESE'S LA DOLCE VITA.

140.    Plaintiffs will be damaged by defendant Multimedia Exposure, Inc.'s continued application to register PRINCE LORENZO BORGHESE'S LA DOLCE VITA because such application asserts rights in the ownership of a mark that rightfully belongs to Plaintiffs.

141.    Pursuant to 28 U.S.C. §§ 2201 and 2202, to resolve the legal and factual questions Plaintiffs raised, and to afford relief from the uncertainty and controversy that Plaintiffs' claims have precipitated, there is an actual controversy between Plaintiffs and Defendants Multimedia Exposure, Inc. and Francesco Borghese concerning the aforementioned application.

142.    Plaintiffs request a declaration from this Court that Plaintiffs' rights have been violated as described in herein and an order requiring Defendants to expressly abandon Application Serial No. 77/435,171.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a)    Defendants, their directors, officers, owners, descendants, heirs, assigns, agents, servants, employees and all those persons or entities in active concert or participation with Defendants, be preliminarily and permanently enjoined and restrained from:

i.    continuing their conduct complained of herein, including without limitation, using a stylized crest, referring to the Borghese History, and registering and using the mark PRINCE LORENZO BORGHESE'S LA DOLCE VITA;

ii.    using in any manner, on, with, or in connection with any products marketed, promoted, advertised, offered for sale or sold by Defendants that do not originate with Plaintiffs, the BORGHESE Marks, as defined herein, or any other term that is the same or confusingly similar to any one of the BORGHESE Marks, that is likely to cause confusion,

deception, or mistake as to the affiliation, connection, association, source, origin, sponsorship or approval of the products;

        iii.        using in any manner, on, with, or in connection with any products marketed, promoted, advertised, offered for sale or sold by Defendants that do not originate with Plaintiffs, the BORGHESE History, as defined herein, in a manner that is likely to cause confusion, deception or mistake as to the affiliation, connection, association, source, origin, sponsorship or approval of the products;

        iv.        using in any manner, on, with, or in connection with any products marketed, promoted, advertised, offered for sale or sold by Defendants that do not originate with Plaintiffs, the BORGHESE Crest, as defined herein, in a manner that is likely to cause confusion, deception or mistake as to the affiliation, connection, association, source, origin, sponsorship or approval of the products;

        v.        using in any manner, on, with or in connection with any products marketed, promoted, advertised, offered for sale or sold by Defendants that do not originate with Plaintiffs, the BORGHESE Marks, as defined herein, in a manner that is likely to associate Defendants or Defendants' Products with Plaintiffs' or the BORGHESE Products or dilute the distinctive nature the BORGHESE Marks or BORGHESE Products;

        vi.        using in any manner, on, with, or in connection with any products marketed, promoted, advertised, offered for sale or sold by Defendants that do not originate with Plaintiffs, the BORGHESE History, as defined herein, in a manner that is likely to associate Defendants or Defendants' Products with Plaintiffs' or the BORGHESE Products or dilute the distinctive nature of the BORGHESE History or the BORGHESE Products;

vii.    using in any manner, on, with or in connection with any products sold by Defendants that do not originate with Plaintiffs, the BORGHESE Crest, as defined herein, in a manner that dilutes or is likely to associate Defendants or Defendants' Products with Plaintiffs' or the BORGHESE Products or dilute the distinctive nature thereof;

viii.    engaging in conduct that tends to falsely represent, or is likely to confuse, mislead or deceive purchasers or potential purchasers or members of the public to believe that Defendants' Products and Defendants are in some way connected with Plaintiffs or are sponsored, approved, or licensed by Plaintiffs or Defendants' Products or are in some way connected or affiliated with Plaintiffs or the BORGHESE Products;

ix.    further infringing and diluting the BORGHESE Marks and damaging Plaintiffs goodwill;

x.    otherwise unfairly competing with Plaintiffs in any manner;

xi.    using any reproduction, copy or colorable imitation of any of the BORGHESE Marks, BORGHESE Crest or BORGHESE History in connection with the publicity, promotion, internet communications including websites, sale or advertising of products manufactured, received, acquired, imported, shipped, purchased, sold, offered for sale or distributed by Defendants;

xii.    affixing, applying, annexing or using in connection with the manufacturing, advertising, receiving, acquiring, importing, shipping, purchasing, selling, offering for sale or distributing any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Plaintiffs' goods and from offering such goods in commerce;

       xiii.       assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (i) through (xii), above.

      b)      The Court find and declare the application for the trademark PRINCE LORENZO BORGHESE'S LA DOLCE VITA violates the 1993 confidential settlement agreement; and

      c)      The Court order that the application filed with the USPTO to register PRINCE LORENZO BORGHESE'S LA DOLCE VITA be withdrawn;

      d)      Defendants be required to deliver to Plaintiffs' counsel for destruction, or to show proof of destruction of, any and all labels, signs, packages, marketing materials or advertisements, including Internet references, in Defendants' possession or control that contain infringing or deceptive uses of the BORGHESE Marks, BORGHESE History or BORGHESE Crest;

      e)      Defendants be ordered to file with this Court and to serve upon Plaintiffs' counsel, within thirty (30) days after the entry and service on Defendants of each injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

      f)      Plaintiffs recover all damages sustained as a result of Defendants' activities and that said damages be trebled;

      g)      An accounting be directed to determine Defendants' profits resulting from their activities and that such profits be paid over to Plaintiffs, increased as the Court finds to be justified under the circumstances of this case;

      h)      Plaintiffs recover reasonable attorneys' fees;

      i)      Plaintiffs recover punitive damages and the costs of this action, together with prejudgment and post-judgment interest; and

j)      Plaintiffs recover such other and further relief as the Court deems just and proper.

Dated: July 21, 2010                    Respectfully submitted,
       New York, New York

                                        FULBRIGHT & JAWORSKI L.L.P.

                                        By _____
                                           Mark N. Mutterperl
                                           Jessica S. Parise
                                           Joshua C. Foster
                                           666 Fifth Avenue, 31st Floor
                                           New York, New York  10103
                                           Tel.:    (212) 318-3000
                                           Fax:     (212) 318-3400
                                           mmutterperl@fulbright.com
                                           jparise@fulbright.com
                                           jfoster@fulbright.com

                                        *Attorneys for Plaintiffs Borghese*
                                        *Trademarks Inc., Borghese Inc. and*
                                        *Borghese International Limited*